Good morning, Your Honor. Serge Soney on behalf of the appellants. I would like to reserve two minutes for rebuttal. Your Honor, this appeal appears to me to turn on three issues. One is the effect of granting a 60B relief and receiving new evidence on the underlying dispositive order. Second, does the 60B order in this particular case provide a clear indication that nothing further was left to be done by the court? And third, did the parties waive the requirement for a separate Rule 58 judgment, or was one still anticipated? In preparing for the hearing, Your Honors, I went back and did a little more research and found a couple of cases that we thought were pertinent. We filed a 28J notice to the court, and we served opposing counsel with it. There are two cases that, in addition to the Boyko case, which we relied upon in our brief, that deal with this issue, we believe, squarely. The La Sierra case out of the Ninth Circuit states, rather unequivocally, that, and I quote, the effect of an order granting Rule 60B relief is to restore the parties to the position they were in before the court issued the vacated order. If at any case where what happened in those cases is what happened here, that is, where reconsideration is granted, but the court, after granting reconsideration and after considering the evidence brought to it, reaffirms the judgment previously entered. Is your question, did that happen in those cases? Yes. I believe, I don't believe it did, but I don't believe, the difficulty I'm having, Your Honor, is the use of the term reaffirmed. To reaffirm implies that the same action which was previously done is being revalidated, and it can only be done on a prior record on which it was first given. When the record has changed, we believe the use of the term reaffirmed is inappropriate. And, in fact, what the judge did in this case was confirm that her decision to grant summary judgment for Westport remains, despite the additional evidence. But we now have a new record. It is not the record that was previously before the court on which summary judgment initially was granted, but a new record, which, after consideration of new evidence, she decides the result should remain the same, and a same judgment or a similar judgment in favor of Westport should issue. And if you look... In appealing that order, I suppose we would look to that new evidence to see if it were appropriate for her to do what she did. Correct. And if we determine that, that's the end of the case, isn't it? Well, that's correct. But realizing that the prior dispositive order no longer had validity when the 60B motion was granted and review was being made... Well, do we know that until there's a judgment modifying it in some material fashion? It doesn't matter. If the court has explicitly stated, I've considered your grounds for seeking 60B relief. I find them valid. I am prepared to open the record. I am prepared to receive evidence. I have received evidence, and I now make my ruling based on the entire record. Then, when it comes up for review again on that 60B ruling, the court would review the entire record, not just the additional evidence. Now, in this... You're very... You focus on that later, whatever happened, but can I tell you what my problem is? Certainly. It seems to me you're late. Back in October 2001, judgment is entered against you. You don't do anything in the 30-day period you have, so the judgment becomes final. In 50 days, 50 days after the judgment has been entered, you file this motion for reconsideration. You're already out of time to appeal the judgment. That is correct. So why isn't the judgment perfectly good? Because when we submitted grounds for a 60B reconsideration and the court found that it satisfied the standards for a 60B, she vacated that earlier judgment. She had to vacate it in order to consider the new evidence and in order to reach the issue. I don't believe that, but it just seems to me you're about four years too late. Your Honor, to apply that approach would be to take Rule 60B completely out of the Federal Rules of Civil Procedure, and you can't do that. Why is that? 60B explicitly recognizes the right of a district court to go back and open an otherwise final judgment to receive new evidence and to rule thereupon. Could she have declined to hear the 60B motion on the grounds of timeliness? Well, it was timely. It was certainly timely. We had a reasonable time to bring it. 60B motions can be brought within a year. So it was timely. She could have decided upon review of our bases for 60B relief that we had not met the standard and denied that motion. For example, she could have found that the evidence was not new. Correct. That it was within your grasp earlier and you could have brought it to the attention of the court earlier. She certainly could have done that. She did not do that. She found that there was a confusion as to what the scope of the motion was to be and that it was one based upon her initial order and instruction that the motions were directed to the applicability of 2860. Why not notice an appeal from the original judgment? Why not have notice and appeal? Frankly, I don't know the answer to that. I do know that when we went back and looked at that judgment, it became plainly apparent to us that she had gone beyond that which the parties had asked for and what she had directed for summary judgment. We went back to her and said, look, we think you've exceeded what the parties asked for. We did not present evidence on that issue because it was not what you had asked us to file summary judgment motions on. She agreed. And she allowed us the opportunity to present the additional evidence. 60B provides that vehicle. Notwithstanding the fact that we did so at a significantly later time, it was relief that she accepted, granted, and having done so, the earlier judgment was vacated. I think we understand your argument. You have about two and a half minutes left. Would you like to save it for rebuttal? If I may just make one comment, Your Honor. Sure. The 60B order itself states that having reconsidered, the Court reaffirms its earlier decision to enter summary judgment in favor of Westport. That left us with the firm belief that the Court was going to enter a judgment. The appellants have done nothing to waive their expectation that a separate Rule 58 judgment would have entered. And that's why the ex parte application was brought when one was not entered. Thank you. Thank you. Counsel? Good morning. As the Court has correctly realized, the problem with appellant's argument is twofold. First of all, the judgment was entered on October 10th, 2001. And on October 20th, 2001, that was the last day that they could file either a Rule 59 motion or a Rule 60B motion, which would toll the effect of the judgment becoming final. As this Court correctly ruled on October 2nd, 2003, the judgment is final. There is nothing that could happen after November 10th of 2001, 30 days after that judgment was entered, which could change the finality of that judgment. In fact, when the Court heard the motion for reconsideration that counsel is referring to, the Court really only had one thing it could do, which was deny ultimately the relief sought, because the judgment was final. What counsel had to do, what the appellant had to do in this case, was if they wanted to change that judgment and preserve their right to appeal the judgment, they needed to file a motion within 10 days under Rule 59 or Rule 60, which they never did. So the crucial date, Your Honors, is November 10, 2001. The judgment in this case became final. So when counsel later files an ex parte application for entry of a new judgment, the Court correctly rejected that for two grounds. One, the Court reasoned correctly that she had never changed the judgment in the first place, and therefore, there was no need for a new judgment. But secondly, she couldn't change the judgment because, again, as this very Court ruled on October 2nd, 2003, that judgment had become final on November 10th, 2001. And I might add that the appellant's attempt to pull one statement out of the Court's order on the motion for reconsideration, I think, was adequately explained by the district court in its order denying the ex parte application. It had gone through a series of factors of what might happen if the Court grants relief under 60B and vacates its prior order or judgment, one of which is prejudice to the prevailing party. And so counsel pulled this one, excuse me, appellant pulled this one statement out of context. The district court correctly responded. This morning I was handed two cases by the appellant and I quickly reviewed them. And it's significant, I think, in telling that they cite this case in Ray La Sierra Financial Services, which is a bankruptcy decision. In that case, the Court, in fact, was discussing a vacated order. The Court said if, since we have already vacated an order, the effect of granting a Rule 60B motion is to put the parties back in the same position. That's not this case. The Court never vacated the judgment. It never modified the judgment. It never changed the judgment. And it couldn't because the judgment had become final on November 10th, 2001. Thank you. Rebuttal? There's no way that the Court could have received new evidence, considered it, and issued a ruling without having vacated the underlying judgment. It's simply not possible. Well, why couldn't the Court look at something, consider it, and say, no, I'm not going to vacate the judgment, I'm not going to do anything with the judgment? She certainly could have, but that would have been in the first part of the analysis of the 60B motion. As all motions for reconsideration are, the party moving says, we ask you to reconsider, here are the grounds that we want you to reconsider, and here's the material we want you to consider. The Court goes through an analysis in the first instance to determine whether there's a justification to reconsider. If it finds justification, then it considers the material. It certainly, as part of its first part analysis, evaluates the new evidence that's being offered that's part of the justification. Has justification been made? In this case, the Court explicitly reviewed the materials, explicitly found that there was a justification to reopen and to reconsider. She then did consider the evidence and decided that the results should be the same as had been previously decided. The use of the term reaffirmed is unfortunate because you cannot reaffirm if there is a different record. You can issue a consistent ruling with the prior ruling, but you cannot reaffirm a prior ruling. The record is different. So in this particular case, the Court did receive new evidence. She did consider it. That's unequivocal. In order to do so, the underlying judgment had to have been vacated. That's clear. That's established by the Boiko case in the Seventh Circuit, the La Sierra case, which cites three other Ninth Circuit cases. All of them stand for the same proposition. When a 6dB motion is granted and new evidence is considered, then, by its nature, there is no underlying dispositive order. And we start again. Roberts. Thank you very much for your argument, counsel. Thank both counsels for their argument. The case just argued will be submitted for decision and will proceed to the next case on the docket, which is Mata v. Ashcroft. Ms. Smith, can you approach the bench? Ms. Smith? Judge Thompson's clerk here. Counsel, we're going to ask you to just... I've got a few cards in my office. They look like this, but I've got them on my notes. Could you go get those for me? Thank you. Thank you. Do you want to wait? No. You're OK. OK. Counsel?
judges: Noonan, Thompson, Hawkins